IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES BARRIENTES GUERRA, § | | |
| Movant § | | |
| § | | |
| V. § | A-09-CA–760 LY | |
| § | (A-08-CR-39-LY-25) | |
| UNITED STATES OF AMERICA, § | | |
| Respondent § | | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:  THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

Before the Court are the Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1231); Memorandum of Law in Support of Petition for Relief (Clerk's Doc. No. 1232); the Government's Response to Movant's Motion to Vacate, Set Aside or Correct Sentence (Clerk's Doc. No. 1249); and Movant's Response to Government's Response (Clerk's Doc. No. 1254). The undersigned submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges, as amended.

## I. GENERAL BACKGROUND

On March 5, 2008, Movant James Barrientes Guerra ("Guerra") was named in counts one, two, and three of an eleven-count indictment. The indictment charged him with conspiracy to possess with intent to distribute 1 kilogram or more of heroin, in violation of 21 U.S.C. § 846 (count one), and possession with intent to distribute a mixture or substance containing a detectable amount of heroin, in violation of 21 U.S.C §§ 841(a)(1) and (b)(1)(C) (counts two and three).

On June 6, 2008, Mr. Andrew S. Brown was appointed to represent Guerra. On July 14, 2008, a motion to withdraw as attorney for Guerra was filed. On July 17, 2008, the motion was granted, and on July 28, 2008, Ms. Sheri R. Hunter was appointed to represent Guerra.

On September 18, 2008, pursuant to a written plea agreement, Guerra entered a plea of guilty to count two of the indictment. On November 25, 2008, the Honorable Lee Yeakel sentenced Guerra to a 115-month term of imprisonment, followed by a three-year term of supervised release, and ordered that Guerra pay a $100 mandatory assessment fee. A direct appeal was not pursued in this case. Guerra has now filed the instant motion under 28 U.S.C. § 2255 arguing that he was denied the effective assistance of counsel.

## II. STANDARD OF REVIEW

Under § 2255, there are generally four grounds upon which a defendant may move to vacate, set aside or correct his sentence: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the district court was without jurisdiction to impose the sentence; (3) the sentence imposed was in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255. The nature of a collateral challenge under Section 2255 is extremely limited: "A defendant can challenge his conviction after it is presumed final only on issues of constitutional or jurisdictional magnitude . . . and may not raise an issue for the first time on collateral review without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." *United States v. Shaid*, 937 F.2d 228, 232 (5th Cir. 1991). If the error is not of constitutional or jurisdictional magnitude, the movant must show that the error could not have been raised on direct appeal and would, if condoned, "result in a complete miscarriage of justice." *United States v. Smith*, 32 F.3d 194, 196 (5th Cir. 1994).

## III. DISCUSSION

**A.     Was Guerra Denied the Effective Assistance of Counsel?**

First, Guerra argues that his counsel provided ineffective assistance by failing to adequately explain the consequences of signing the plea agreement. Guerra alleges that, had he been made aware of all of the ramifications of the agreement, he would not have signed the plea agreement and would have insisted on going to trial. Guerra also argues that his counsel was ineffective in regard to sentencing because counsel did not provide him a copy of his pre-sentence report ("PSR").

In order to prevail on an ineffective assistance of counsel claim, a petitioner must show that his counsel's performance was deficient and that the deficiency prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *Id.* A court's review of counsel's performance must be highly deferential, with a strong presumption that the performance was reasonable. *Id.* at 689; *Little v. Johnson*, 162 F.3d 855, 860 (1998), *cert. denied*, 526 U.S. 1118 (1999). A court will not find ineffective assistance of counsel merely because it disagrees with counsel's trial strategy. *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir.), *cert. denied*, 528 U.S. 947 (1999). Moreover, "[a] fair assessment of attorney performance requires every effort to be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.

To demonstrate the prejudice prong, a petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane*, 178 F.3d at 312. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. "However, the mere possibility of a different outcome is not sufficient to prevail on the prejudice prong. Rather, the defendant must

demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Crane*, 178 F.3d at 312-313 (quoting *Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir.), *cert. denied*, 522 U.S. 944 (1997)).

This same two-part standard applies to ineffective assistance of counsel claims arising out of the plea process. *Hill v. Lockhart*, 474 U.S. 52, 57 (1985). Therefore, the movant has the burden of proof and of persuasion to establish that a reasonable probability exists that but for his counsel's alleged ineffectiveness, he "would not have pleaded guilty and would have insisted on going to trial." *See Czere v. Butler*, 833 F.2d 59, 63 (5th Cir. 1987) (quoting *Uresti v. Lynaugh*, 821 F.2d 1099, 1101 (5th Cir. 1987)).

1.  Plea agreement

Guerra first alleges that his attorneys failed to adequately explain the consequences of signing the plea agreement, such that their performance was deficient. According to Guerra, his attorneys promised him that under the plea agreement, he would only be held accountable for 2 grams of heroin, while in actuality he was held accountable for 240 grams. Further, he alleges that his attorneys failed to advise him regarding the appeal waivers in the plea agreement. He also claims that his attorneys promised him that he would receive a sentence between 57 and 71 months if he signed the agreement, but he received a sentence of 115 months.

On September 18, 2008, Guerra entered a plea of guilty before Magistrate Judge Robert Pitman. At the hearing, Guerra was asked by the Court if he had gone over the plea agreement with his lawyer, and Guerra responded that he had. Government's Response, Exhibit A, at 19. Guerra was then asked if he understood that he was waiving his appeal rights in the plea agreement. Guerra responded that he did. *Id.* at 21. In regard to the alleged promises Guerra's attorneys made prior to

4

entering his plea, Guerra was specifically asked if anybody had made any promises, other than what was written in the plea agreement, that caused him to plea guilty. Guerra was also asked if anyone had made any promise or prediction as to what his sentence would be. Guerra responded "no" to both of these questions. *Id.* at 24.

Ordinarily, a defendant will not be heard to refute his testimony given at a plea hearing while under oath. *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Conclusory allegations of ineffective assistance of counsel fail to surmount the formidable barrier presented by a defendant's own open court assertion at a rearraignment hearing. *United States v. Smith*, 915 F.2d 959, 964 (5th Cir. 1990). "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Guerra's claim that he did not understand the ramifications of signing the plea agreement is directly contradicted by Guerra's testimony under oath. Accordingly, Guerra is not entitled to relief.

2. Sentencing

Guerra next argues that his counsel was ineffective in regard to sentencing. Specifically, Guerra alleges that he was not provided with a copy of his pre-sentence report (PSR), and he did not learn that he would be held accountable for 240 grams of heroin, rather than 2 grams, until the sentence was imposed, thereby denying him the opportunity to prepare and present a proper objection and defense to rebut the drug amount.

This argument is also without merit. At the sentencing hearing, Guerra was specifically asked, "Have you had sufficient time to review the presentence investigation report — review with your attorney the presentence investigation report that was prepared by the Probation Department

5

in this case?" Guerra responded "Yes." Government's Response, Exhibit B, at 67. Additionally, Guerra's counsel's paralegal stated in his sworn affidavit that he reviewed each paragraph of the PSR with Guerra. Government's Response, Exhibit D, at 2. *See United States v. Victoria*, 877 F.2d 338, 340 (5th Cir. 1989) (rejecting argument that petitioner was not allowed to see PSR when record clearly showed that he both had the opportunity to and did examine the PSR before sentencing).

Furthermore, as is reflected in the hearing transcript, Guerra's counsel specifically objected to the government seeking to hold Guerra responsible for 240 grams of heroin, both at the hearing and by objections filed with the Probation Office. Government's Response, Exhibit B, at 70. The Court commended his counsel for doing "an outstanding job in representing these issues before the Court," but after taking into account all the information before it, the Court nevertheless decided that the PSR was correct. *Id.* at 72. Thus, while the Court ultimately did not rule in Guerra's favor, Guerra was not "denied the opportunity to prepare and present a proper objection and defense to rebut the drug amount," as he claims in the motion.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge **RECOMMENDS** that James Barrientes Guerra's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody Pursuant to 28 U.S.C. § 2255 (Clerk's Doc. No. 1231) be **DENIED**.

## V. WARNING

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *Battles v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-153, 106 S.Ct. 466, 472-74 (1985); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 8th day of February, 2010.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE